**SO ORDERED.**

**Dated: May 31, 2022**



*Madeleine C. Wanslee*
**Madeleine C. Wanslee, Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br>SANTA CLARITA, LLC,<br>　　　　　　　　　Debtor. | In Proceedings Under Chapter 11<br><br>Case No. 2:20-bk-12402-MCW |
| BERMITE RECOVERY, LLC, a Delaware limited liability company; and REMEDIATION FINANCIAL, INC., an Arizona corporation,<br>　　　　　　　　　Plaintiffs,<br>v.<br>CITY OF SANTA CLARITA, a California political subdivision,<br>　　　　　　　　　Defendant. | Adversary No. 2:21-ap-00178-MCW<br><br>**ORDER (1) GRANTING PLAINTIFFS' MOTION TO STAY, (2) DENYING DEFENDANT'S MOTION TO STRIKE COMPLAINT AND (3) DECLINING TO ADDRESS PLAINTIFFS' MOTION TO DISMISS COMPLAINT** |

Plaintiffs' *Motion to Stay* [Doc. 25] came on for accelerated hearing before the Court on May 17, 2022, at 10:45 a.m., via videoconference. Bermite Recovery, LLC, and Remediation Financial, Inc. ("Plaintiffs") and The City of Santa Clarita ("Defendant") appeared through counsel of record. Having considered the briefing of the parties and oral argument of counsel, and for the reasons stated on the record, the Court finds that it likely lacks subject matter jurisdiction over Plaintiffs' claims in this adversary proceeding, that Plaintiffs have shown a likelihood of prevailing on their *Motion to Withdraw Reference* [Doc. 24], and that Plaintiffs have otherwise shown good cause for

the issuance of a stay of this bankruptcy court case pending the district court's resolution of Plaintiffs' Motion to Withdraw Reference. Accordingly,

**IT IS ORDERED** granting Plaintiffs' Motion to Stay and staying further consideration of all matters in this adversary case in this Court pending a decision by the district court on Plaintiffs' Motion to Withdraw Reference.

Furthermore, in light of the issues raised by Defendant in its *Opposition to Plaintiffs' Motion to Stay* [Doc. 36], the Court addresses in part Defendant's *Motion to Strike Complaint and to Dismiss Complaint* [Doc. 21], in particular Defendant's Motion to Strike and supporting argument that (1) the absence of a signature of counsel for Plaintiffs on the original complaint in this adversary case resulted in that original complaint being a nullity; and (2) that as a result this Court should strike that original complaint. For the reasons stated on the record, the Court finds that the absence of certain signatures on the original complaint is a procedural defect that Plaintiffs corrected and cured by promptly filing the First Amended Complaint [Doc. 23], rendering Defendant's Motion to Strike moot. The Court distinguishes that procedural defect raised by Defendant's Motion to Strike from Defendant's Motion to Dismiss under Fed. R. Bankr. P. 7012(b)(6), over which this Court likely lacks subject matter jurisdiction to consider and which this Court declines to address. Accordingly,

**IT IS FURTHER ORDERED** denying as moot Defendant's Motion to Strike Plaintiffs' original complaint [Doc. 21].

In addition, upon the stipulation of the parties on the record,

**IT IS FURTHER ORDERED** that (1) Defendant shall have up to and including ten days after the district court has ruled on Plaintiffs' Motion to

| | |
|---|---|
| 1 | Withdraw Reference to file a response to Plaintiffs' First Amended Complaint, |
| 2 | subject to further order, if any, of the district court; and (2) Plaintiffs shall |
| 3 | have up to and including ten days after the district court has ruled on |
| 4 | Plaintiffs' Motion to Withdraw Reference to file a response to that portion of |
| 5 | Doc. 21 designated by Defendant as a motion to dismiss pursuant to Rule |
| 6 | 12(b)(6), *Fed. R. Civ. P.*, and Rule 7012(b), *Fed. R. Bankr. P.* [See Doc. 21, |
| 7 | Section VI], subject to further order, if any, of the district court; and |
| 8 | **IT IS FURTHER ORDERED** vacating the hearing currently set for |
| 9 | June 1, 2022, on Defendant's Motion to Strike Complaint and to Dismiss |
| 10 | Complaint. |
| 11 | **SIGNED AND DATED ABOVE** |